**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br>CHARLES D. AUSTIN<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>MDD_CDAChambers@mdd.uscourts.gov</td></tr>
</table>

March 31, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:    *Wade S. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No 1:25-cv-00630-CDA

Dear Counsel:

On February 25, 2025, Plaintiff Wade S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits.  ECF 1.  This case was then referred to me with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2025).  I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 16, and 17).  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will DENY both motions, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration.  This letter explains why.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on August 1, 2018, alleging an amended disability onset of April 7, 2017.  Tr. 307-316.  Plaintiff's claims were denied initially and on reconsideration.  Tr. 190.  On December 15, 2022, an Administrative Law Judge ("ALJ") held a hearing.  Tr. 18.  Plaintiff was denied benefits and, after exhausting all administrative remedies, filed for judicial review.  Tr. 202.  On February 8, 2024, by consent of the parties, the Court remanded the case to the Commissioner for further consideration.  Tr. 1464, 1470; ECF 12, at 4; *Wade S. v. Kijakazi*, No. 23-cv-02239-CDA.  On September 19, 2024, an ALJ held a second hearing.  Tr.1386.  On November 25, 2024, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame.  Tr. 1386-1406.  Plaintiff did not request review by the Appeals Council, and the Council did not initiate a review

---

[1] Plaintiff filed this case against the Commissioner of Social Security on February 25, 2025.  ECF 1.  Frank Bisignano became the Commissioner of Social Security on May 6, 2025.  Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d).  *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 2

on its own. ECF 12, at 4-5. Therefore, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since December 1, 2016, the alleged onset date[.]" Tr. 1388. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis and moderate chondromalacia; diabetes mellitus and hypertension with retinopathy; migraine headaches; anxiety; depression; and social phobia." Tr. 1389. The ALJ also determined that Plaintiff suffered from the non-severe impairments of obesity, kidney disease, seizure disorder, hyperlipidemia, suspected strokes/hypertensive encephalopathy, and recurrent shoulder dislocations." Tr. 1389-1391. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1391. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to: occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; and never climbing ladders, ropes, or scaffolds. The claimant is limited to occasional use of either upper extremity for overhead reaching. The claimant is limited to occasional use of the right lower extremity for pushing, pulling, or operation of foot controls. The claimant must avoid work in an environment with lighting brighter than that found in a typical office setting. The claimant must avoid work in an environment that includes more than occasional flashing lights. The claimant must avoid work requiring full binocular fields of visions. The claimant must avoid work requiring use of peripheral vision to complete work tasks or activities. The claimant must also avoid work requiring accurate or precise discrimination or determination of colors. The claimant must avoid work requiring precise discrimination or manipulation of small parts of pieces, such as items smaller than a quarter. The claimant must avoid work at unprotected heights or around dangerous moving machinery as well as work requiring commercial driving or the operation of moving machinery. The claimant

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 3

is able to understand, remember, and carry out simple instructions and routine, repetitive tasks. In doing so, the claimant is able to use common sense understanding to carry out detailed but uninvolved instructions. The claimant must avoid work requiring a high quota production rate pace—i.e. rapid assembly line work where coworkers are side-by-side and the work of one affects the work of the others. The claimant is able to perform work activities for up to two hours at a time but would then become distracted causing the individual to be off task. However, time off task can be accommodated with normal breaks. The claimant would be able to change activities or work settings occasionally during the workday without it being disruptive. Likewise, the claimant can adapt to occasional changes in a routine work setting. The claimant is able to have: occasional interaction with supervisors in person; occasional, non-collaborative interaction with coworkers in person; and superficial and incidental interaction with the general public.

Tr. 1394-1395. The ALJ determined that the "[t]ransferability of job skills is not an issue because [Plaintiff] does not have past relevant work." Tr. 1403; 20 CFR 404.1568, 416.968. However, they determined that Plaintiff could perform other jobs that existed in significant numbers in the national economy, such as Housekeeper (DOT[3] #323.687-014), Laundry Worker (DOT #302.685-010), and Office Helper (DOT #239.567-010). Tr. 1404. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1406.

## III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 4

## IV.   <u>ANALYSIS</u>

Plaintiff presses five arguments on appeal, contending that the ALJ (1) did not comply with 20 CFR §404.1520c and the remand order in evaluating Dr. Gillman's medical opinions; (2) lacked a detailed analysis regarding Plaintiff's diminished peripheral vision field; (3) failed to provide a sufficiently clear RFC assessment and hypotheticals to the Vocational Consultant to allow for meaningful appellate review; (4) failed to properly analyze Plaintiff's migraines; and (5) erred in finding that the government met its burden at step five of the sequential evaluation.  ECF 12, at 15.  Defendant counters that the ALJ properly considered the record, resolved any conflicts therein, and provided an appropriate narrative discussion at each step of the evaluation process, culminating in a well-reasoned decision that permits meaningful review and must be upheld.  ECF 16, at 6.

While Plaintiff offers a variety of arguments, the core of Plaintiff's position is that the ALJ erred in assessing the RFC and failed to provide a narrative discussion reflecting substantial evidence supporting the decision.  First, Plaintiff insists that the ALJ did not consider medical assessments of Plaintiff's mental impairments.  ECF 12, at 16-18.  Plaintiff contends that the ALJ neither summarized Plaintiff's medical records with Dr. Gillman in their opinion nor attempted to otherwise demonstrate their consideration of those records.  *Id.*, at 18-20.  Plaintiff also states that the assessment of Plaintiff's visual impairments lacks proper support.  *Id.*, at 24.  This is because rather than attempting to meaningfully review Plaintiff's alleged ailments, the ALJ concluded, without substantial evidence, that Plaintiff's visual impairments did not amount to a disability.  *Id.*, at 25.  Taking these alleged errors together, Plaintiff argues, the RFC assessment lacks the context necessary to allow for meaningful review.  *Id.*, at 26-27 (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  The Commissioner takes the opposite view, insisting that the ALJ "properly considered the record before him, resolving any conflicts therein and providing a narrative discussion at each step of the sequential evaluation."  ECF 16, at 6.

In accordance with the principles above, the Court finds remand warranted because the ALJ failed to provide a narrative discussion that would permit meaningful review on this record.  A claimant's RFC represents "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a).  In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)).  Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" that "may reduce [a claimant's] ability to do . . . work."  20 C.F.R. § 416.945(b); *see* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996).  Only after such an analysis may an ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant can perform.  *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021).  As *Dowling* explains, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."  986 F.3d at 387 (alternation in original) (citation omitted).  Thus,

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 5

an ALJ must identify evidence that supports their conclusions and build an accurate and logical bridge from that evidence to their conclusions. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

The RFC here includes eighteen (18) conclusions, finding that Plaintiff:

(1) can perform light work as defined in 20 CFR 404.1567(b);

(2) is limited to: occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; but never climbing ladders, ropes, or scaffold;

(3) is limited to occasional use of either upper extremity for overhead reaching;

(4) is limited to occasional use of the right lower extremity for pushing, pulling, or operation of foot controls;

(5) must avoid work in an environment with lighting brighter than that found in a typical office setting;

(6) must avoid work in an environment that includes more than occasional flashing lights;

(7) must avoid work requiring full binocular fields of vision;

(8) must avoid work requiring use of peripheral vision to complete work tasks or activities;

(9) must also avoid work requiring accurate or precise discrimination or determination of colors;

(10)   must avoid work requiring precise discrimination or manipulation of small parts of pieces, such as items smaller than a quarter;

(11)   must avoid work at unprotected heights or around dangerous moving machinery as well as work requiring commercial driving or the operation of moving machinery;

(12)   is able to understand, remember, and carry out simple instructions and routine, repetitive tasks;

(13)   is able to use common sense understanding to carry out detailed but uninvolved instructions;

(14)   must avoid work requiring a high quota production rate pace where coworkers are side-by-side and the work of one affects the work of others;

(15)   is able to perform work activities for up to two hours at a time but would then become distracted causing the Plaintiff to be off task;

(16)   would be able to change activities or work settings occasionally during the workday without it being disruptive;

(17)   can adapt to occasional changes in a routine work setting; and

(18)   is able to have: occasional interaction with supervisors in person; occasional, non-collaborative interaction with coworkers in person; and superficial and incidental interaction with the general public

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 6

Tr. 1394-95 (cleaned up).  But, to quote another member of this Court, "[m]uch of the ALJ's RFC assessment was devoted to summary and not enough to analysis." *Lacek v. Colvin*, No. CBD-13-2046, 2014 WL 2865992, at *8 (D. Md. June 23, 2014).  At no point in the RFC discussion of Plaintiff's medical history (including relevant medical records, subjective testimony, and medical opinions) does the ALJ provide a narrative discussion of how the evidence considered supports these eighteen limitations (and warrants rejection of other limitations considered or argued).  Rather, the ALJ summarized what the evidence in the record was without differentiating and explaining which evidence supported their conclusions and why.  Tr. 1395-1403.

Summaries of an administrative record that, like the one here, fail to both identify the evidence supporting the RFC and build an accurate and logical bridge from that evidence to conclusions in the RFC leave the Court unable to conduct a meaningful review of the ALJ's decision.  *Susan T. v. Soc. Sec. Admin.*, No. 17-0026, 2018 WL 4655753, at *14 (W.D. Va. Sept. 27, 2018); *Hassell v. Berryhill*, No. 16-52-D, 2017 WL 3707574, at *5 n.5 (E.D.N.C. Aug. 9, 2017).  While the ALJ identifies certain medical opinions and assigned limited or partial persuasive value to them,[4] the RFC discussion fails to provide a narrative explaining, for example, how the eighteen limitations addressed areas where the ALJ found the medical sources unpersuasive or, conversely, how the limitations adopted or otherwise supported those portions of the medical opinions deemed persuasive.  *See Lacek*, 2014 WL 2865992, at *7 (finding the RFC flawed because, among other things, the ALJ "does not explain how he resolved the inconsistencies that he spotlights").  Of course, "the duty of explanation is not intended to be a mandate for administrative verbosity or pedantry." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999).  But there must be sufficient detail in the analysis—as well as the recitation of evidence—to permit a court to discern why the ALJ reached their conclusion and whether substantial evidence supports it.  *Id.*; *Lacek*, 2014 WL 2865992, at *8.  The Court lacks the information necessary to do so here.

Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  The ALJ is welcome to consider these arguments on remand and make any adjustments to their opinion.  Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

---

[4] In this way, the decision in this case does not suffer the exact same flaws animating the *Lacek* reversal.  *See* 2014 WL 2865992, at *8 (noting that the ALJ decision, among other things, "does not explicitly indicate the weight given to the medical evidence and what conclusions are drawn therefrom").  But the impact of the summary-dominant approach here is similar enough to warrant remand.  In addition, the Court's observation that the ALJ discussed medical sources should not be read as taking a position as to whether such discussion complies with governing law and regulations regarding the evaluation of medical opinions.

*Wade S. v. Bisignano*
Civil No. 25-00630-CDA
March 31, 2026
Page 7

## V.     <u>CONCLUSION</u>

For the reasons above, Plaintiff's motion for summary judgment, ECF 12, is DENIED, Defendant's motion for summary judgment, ECF 16, is DENIED, and Plaintiff's alternative motion for remand, ECF 12, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge